**LATHAM & WATKINS LLP**
Dennis Mai
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-4738
Fax: (212) 751-4864
dennis.mai@lw.com

Jennifer L. Barry (Admitted *Pro Hac Vice*)
Patrick C. Justman (Admitted *Pro Hac Vice*)
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: (858) 523-5450
jennifer.barry@lw.com
patrick.justman@lw.com

*Attorneys for Plaintiff,*
*Eight Capital Management, LLC*

**GOTTLIEB, RACKMAN & REISMAN, P.C.**
Jonathan M. Purow
270 Madison Avenue
New York, New York 10016
Tel: (646) 813-3570
jpurow@grr.com

**TONKON TORP LLP**
Steven M. Wilker (Admitted *Pro Hac Vice*)
Eric Beach (Admitted *Pro Hac Vice*)
Megan Houlihan (Admitted *Pro Hac Vice*)
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204
Tel: (503) 802-2040
Steven.wilker@tonkon.com
Eric.beach@tonkon.com
Megan.houlihan@tonkon.com

*Attorneys for Defendant,*
*Eight Capital Corp.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EIGHT CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EIGHT CAPITAL CORP, a Canadian corporation; and DOES 1–10,<br><br>Defendants. | Civil Action No. 20 Civ. 00178<br><br>**ORDER GOVERNING CONFIDENTIAL MATERIALS** |

Plaintiff Eight Capital Management, LLC ("Plaintiff") and Defendant Eight Capital Corp. ("Defendant") stipulate as follows:

I. **PURPOSES AND LIMITATIONS – GOOD CAUSE STATEMENT**

Disclosure and discovery activity in this action may involve production of certain confidential, proprietary, private or trade secret information for which special protection from disclosure may be warranted, such as information regarding the parties' product development efforts, budgets, launch schedules, and related information. Disclosure of this information could cause irreparable harm to the parties by allowing their competitors to gain an unfair advantage by accessing their confidential, proprietary, private, or trade secret information. Accordingly, the Parties petitions the Judge to enter this Order Governing Confidential Materials.

This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited.

Notwithstanding anything in this Order, Disclosure or Discovery Material, as defined in Section II.C below, shall not be used by the Receiving Party, as defined in Section II.D below, for any purpose other than for prosecuting or defending this action.

II. **DEFINITIONS**

    **A.**    **Party or Parties:** any party to this action, and all parties to this action, including all of its or their officers, directors, owners, members, partners, trustees, beneficiaries, insurers, employees, consultants, retained experts, attorneys, and outside counsel (and their support staff).

B. **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

C. **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are exchanged, produced or generated by any Party or Non-Party in disclosures or responses to discovery in this matter.

D. **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

E. **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

F. **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as those terms are defined below.

G. **"CONFIDENTIAL" Information or Items:** information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith constitutes or embodies (1) matter used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence; and (2) any other information that would qualify as confidential or subject to a right of privacy pursuant to applicable legal standards.

H. **"HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items:** certain limited CONFIDENTIAL material or information that is competitively sensitive and constitutes or contains: (1) technical information such as product design or formulation, (2)

information within the definition of trade secret provided by state or federal law, (3) research and development information, (4) sales, cost, pricing, or other financial information, (5) plans for strategic business initiatives or marketing plans, or (6) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial, personal and/or financial information of an extremely sensitive nature that may cause significant competitive harm to, and/or breach the privacy of, the Designating Party if disclosed to persons other than those described in Section VII(C) (ACCESS TO AND USE OF PROTECTED MATERIAL) below.

**I.** **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

**J.** **Outside Counsel:** (i) attorneys who are not employees of a Party to this action and who have been retained to represent and/or counsel a Party in this action, and (ii) partners, associates, other attorneys and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

**K.** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**L.** **Professional Vendors:** persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**III.** **SCOPE**

The protections conferred by this Order cover not only Protected Material, but also any

information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in arbitration or in other settings that might reveal Protected Material. All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated as Protected Material. Any person found to have made an impermissible use of any Protected Material produced in this action may be subject to appropriate remedies within the jurisdiction of the Judge and as determined by the Judge.

## IV. DURATION

Even after the termination of this action—whether by settlement, discontinuance, dismissal, severance, judgment, or other disposition—the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or an order otherwise directs.

## V. DESIGNATION OF PROTECTED MATERIALS

**A. Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

1. <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings): the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL–AEO" as space permits) at the top or bottom of each page that contains Protected Material, including on each page of any electronically produced document.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" legend at the top or bottom of each page that contains Protected Material. If only a portion of a document or portions of the material on a page qualifies for protection, the Designating Party must clearly identify the protected portion(s).

2. <u>For testimony given in deposition or in other pretrial or trial proceedings</u>: all transcripts will automatically be designated "CONFIDENTIAL" from the day of the deposition or proceeding to 30 calendar days after the final original transcript becomes available for review. During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Order. If such written designations are submitted, then the final transcript will be revised to reflect those designations. After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed not confidential, and the transcript will be revised to remove all confidentiality designations. A Designating Party may also designate certain portions of the transcript as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during the deposition or hearing.

3. <u>For information produced in some form other than documentary, and for any other tangible items</u>: the Producing Party must affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL–AEO" as space permits) in a prominent place on the exterior of the container or containers in which the information or item is stored or in some other reasonable fashion depending on the form of the material. If that matter is stored or recorded electronically (including databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed on it, the Designating Party may designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material. Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Order by written notice. If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall designate the protected portions only.

4. <u>For information revealed in the course of a hearing</u>: all hearing testimony will automatically be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" from the day of the hearing to 30 calendar days after the final original transcript becomes available for review, except that Parties may draft orders on the hearings as necessary to effectuate the Judge's decision. During this period of automatic designation, the Designating Party may provide written designations of those portions of the testimony that qualify for protection under this Order. If such written designations are submitted, then the final transcript will be revised to reflect those designations. After the expiration of this period of automatic designation, if no written designations are submitted by the Designating Party, then the entire transcript will be deemed not confidential, and the transcript will be revised to remove all confidentiality designations.

**B.** **Inadvertent Failures to Designate.** If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated after

7

the material was initially produced, the Receiving Party, on timely written notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. As used in this Order, an act is "timely" if it does not unduly prejudice another Party.

    **C.**    **Clawback Procedure**

    1.    <u>No Waiver.</u> Pursuant to Federal Rule of Evidence 502(d), if the Producing Party discloses information in connection with this action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

    2.    <u>Full Protection.</u> This Order protects *any* disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

    3.    <u>Degree of Care.</u> Each Party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Judge hereby orders that disclosure of Protected Information in discovery conducted in this action shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

    4.    <u>Notification.</u> A Producing Party must notify the Receiving Party, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon receipt of such notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a written certification that it will cease further review, dissemination, and use of the

Protected Information.

  **D.**   **Applicability to Third Parties.** In the course of this action, the Parties may attempt to discover documents and information from third parties. Any third party from whom discovery is sought by a Party to this action may avail itself of the protections and limitations of disclosure provided for in this Protective Order. The third party shall identify any Confidential or Highly Confidential – Attorneys' Eyes Only information produced in accordance with this Protective Order. The Parties hereby agree to treat any material designated Confidential or Highly Confidential – Attorneys' Eyes Only and produced by a third party in accordance with the terms of this Protective Order. The Parties shall reference this Protective Order in any subpoena or discovery request they serve or otherwise provide to any third party.

**VI.**   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

  **A.**   **Meet and Confer.** Any Party or Non-Party may challenge a confidentiality designation at any time. A Party that elects to initiate a challenge must do so in good faith, including by specifically identifying the challenged materials by Bates number or other clear identifier, and the Parties must thereafter meet and confer in good faith to resolve the dispute. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

  **B.**   **Judicial Intervention.** Pursuant to this Court's Individual Rules and Practices in Civil Cases, in the event of a discovery dispute, the parties agree to follow Local Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party must submit a

letter to the Court via ECF, no longer than three single-spaced pages, explaining the nature of the dispute, the legal standards governing the issue, and case law, if any, supporting the party's position. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must do so within three business days and should call Chambers promptly to advise that a responsive letter will be forthcoming. Reply letters are not invited. Either party may, in their letter, request an informal conference. If the Court schedules such a conference, counsel should be prepared to discuss the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, including by telephone conference call.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

    **A.**    **Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI (FINAL DISPOSITION) below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

    **B.**    **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the Judge or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        1.    The Receiving Party's Outside Counsel in this action, as well as employees and consultants of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

2. The Receiving Party, if that party is an individual, or if the Receiving Party is an entity, then its officers, directors, owners, members, partners and employees of the Receiving Party and its related/affiliated entities to whom disclosure is reasonably necessary for this litigation;

3. Experts (as defined in this Order) of the Receiving Party, and their administrative support staff, if any, to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgement and Agreement to Be Bound by Order" (Exhibit A);

4. The Judge and its personnel;

5. Neutral evaluators or mediators retained for the case by the mutual agreement of the Parties;

6. Judge/court reporters and their staff, and Professional Vendors for services such as copying, scanning, or electronic document processing, to whom disclosure is reasonably necessary for this action; and

7. Any author or recipient of the document or the original source of the information disclosed in the document.

**C.** **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Judge or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons listed in Section VII(B)(1), (4)-(7) above, as well as to Experts as set forth in Section VII(B)(3) above as long as the Expert is not a current officer, director, owner, member, partner, contractor or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, owner, member, partner, contractor, or employee of a Party or a competitor of a Party.

**D.** **Maintenance of Signed Acknowledgements.** Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and

Agreement(s) to Be Bound by Order."

**F.     Authorized Disclosures.**  Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

1.     Showing materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document.

2.     Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files.

3.     Disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a lawful source other than discovery.

4.     Disclosing or using, in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the Receiving Party at the time of production.

## VIII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email), promptly and in no event more than five days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  Provided that the Producing Party has taken the necessary

steps to prevent, through judicial process, production of the documents sought to be produced, the Receiving Party shall not produce to the party in the other action any documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and will maintain the status quo pending resolution of the Producing Party's motion to quash or analogous proceeding.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately, and no later than two business days after learning of such disclosure, (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom an unauthorized disclosure was made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## X. FILING PROTECTED MATERIAL

A Party that files any Protected Material with the Judge shall note in its submission that the filing contains Protected Material, and the Judge's staff shall treat that material in accordance with the terms of this Order.

Should Protected Material be included in a filing, the Parties will follow the Judge's standing orders with respect to redactions and filing under seal. As of the below signing date, those relevant orders state:

**1. Sealing/Redactions Not Requiring Court Approval**. Federal Rule of Civil Procedure 5.2 describes sensitive information that must be redacted from public court filings without seeking prior permission from the Court.

**2. Sealing/Redaction Requiring Court Approval**. Motions or Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19- MC-00583, and ECF Rules & Instructions, section 6. The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal. Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed

14

redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion. Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

## XI.    **FINAL DISPOSITION**

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of Protected Materials shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Material and certify that fact. The Receiving Party's reasonable efforts shall not require the return or destruction of Confidential Material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Material, but such retained information shall continue to be treated in accordance with the Order.

Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Protected Materials, provided that such counsel and employees of such counsel shall not disclose such Confidential Material to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Finally,

any such archival copies as described in this section that contain or constitute Protected Material remain subject to this Order as set forth in Section IV (DURATION) above.

## XII. <u>MISCELLANEOUS</u>

**A.** **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Judge in the future.

**B.** **Admissions and Waivers.** Neither the entry of this Order, nor the designation of any information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or failure to make such a designation, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information. Nothing in this Order shall be construed as waiving any objections of either Party as to the admissibility of a particular document into evidence. Moreover, nothing in this Order shall be construed to require any Party to disclose to any other Party any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or to prohibit any Party from refusing to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any other Party.

**C.** **Right to Assert Other Objections.** By entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

Respectfully,

| | |
|---|---|
| Dated: March 5, 2020 | **LATHAM & WATKINS LLP**<br><br>By: /s/ Jennifer L. Barry<br>    Dennis Mai<br>    Jennifer L. Barry (*pro hac vice*)<br>    Patrick C. Justman (*pro hac vice*)<br>    *Attorneys for Plaintiff,*<br>    *Eight Capital Management, LLC* |
| | **GOTTLIEB, RACKMAN & REISMAN, P.C.** |
| Dated: March 5, 2020 | By: Jonathan M. Purow [1]<br>Jonathan M. Purow<br><br>And<br><br>**TONKON TORP LLP**<br><br>By: /s/ Steven M. Wilker [2]<br>    Steven M. Wilker (*pro hac vice*)<br><br>*Attorneys for Defendant*<br>*Eight Capital Corp.* |

---

[1] This [Proposed] Order Governing Confidential Materials is filed by Plaintiff Eight Capital Management, LLC. Defendant Eight Capital Corp.'s counsel has authorized Plaintiff to file this letter. Pursuant to Rule 8.5 of the Electronic Case Filing Rules, Plaintiff has used their e-signature to sign this document.

[2] *See* FN 2.

IT IS SO ORDERED.

Date: ___March 6___, 2020   ___/s/ Paul A. Engelmayer___
Hon. Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY ORDER

I, [NAME], with an address of [ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Order Governing Confidential Materials that was issued by United States District Court in the case of *Eight Capital Management, LLC v. Eight Capital Corp.* Civil Action No. 20 Civ. 00178.

I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply may subject me to appropriate remedies within the jurisdiction of the Judge and as determined by the Judge. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of that Order.

I further agree to submit to the jurisdiction of the United States District Court for the purpose of enforcing the terms of that Order.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of that Order.

Executed on _____, 20\_\_\_\_, at [CITY AND STATE].

Signature: _____